```
                      UNITED STATES DISTRICT COURT

                     CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| GEORGE BUSTAMANTE | Case No. [CV 12-06002 DDP] |
| Petitioner, | CR 09-00605 DDP ✓ |
| v. | **ORDER DENYING MOTIONS SEEKING RELIEF PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| UNITED STATES OF AMERICA, | [CV Dkt. No. 1, 13, 14] |
| Respondent. | [CR Dkt. Nos. 170, 189, 190, 234, 242] |

Before the court are three motions filed by Petitioner George Bustamante ("Petitioner"): (1) a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255, filed by Petitioner pro se (CV Dkt. No. 1; CR Dkt. No. 170); (2) a Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2), filed with the assistance of counsel (CR Dkt. No. 234); and (3) a Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2), filed by Petitioner pro se, which is virtually identical to second motion listed (CR Dkt. No. 242). The motions are fully briefed and suitable for decision without oral argument. Having considered the parties' submissions, the court adopts the following Order.

**I.   Background**

**A.   Factual Background**

On June 24, 2009, Petitioner was charged in a four-count indictment with conspiracy to distribute at least 50 grams of crack cocaine and at least 50 grams of methamphetamine (count one); distributing 103.8 grams of cocaine (count two); distributing 14.9 grams of methamphetamine (count three) and distributing 49.7 grams of methamphetamine (count four). (CR Dkt. No. 1.)

On March 10, 2010, Petitioner entered into a binding plea agreement, which was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). (Dkt. No. 85.) Under the agreement, Petitioner agreed to plead guilty to count two of the indictment in exchange for the government's agreement to dismiss the remaining counts of the indictment and to not prosecute Petitioner for illegal possession of a firearm found at the time of his arrest. (Id. ¶¶ 2, 21(b), 21(e).) The parties stipulated in the agreement that the base offense level would be 30, with a total adjusted offense level, after acceptance of responsibility, of 27. (Id. ¶ 15.) However, the parties did not stipulate or agree to Petitioner's criminal history score. (Id. ¶ 16.) The parties agreed to recommend to the court a sentence of imprisonment of 120 months. (Id. ¶ 21(d).)

On August 3, 2010, after Petitioner signed the plea agreement but before it was presented for the court's acceptance, the Fair Sentencing Act of 2010 ("FSA") was signed into law. Pub.L. No. 111–220; 124 Stat. 2372. The FSA raised the quantity of crack cocaine necessary to trigger a five-year mandatory minimum sentence from 5 to 28 grams and raised the quantity necessary to trigger a

2

ten-year mandatory minimum sentence from 50 to 280 grams. Pub.L. No. 111-220 § 2(a) (amending 21 U.S.C. § 841(b)(1)). Subsequently, on November 1, 2010, under emergency authority granted by the FSA, the United States Sentencing Commission adopted Amendment 748, which lowered the offense levels for crack cocaine offences as set forth in the drug quantity table of Guidelines at § 2D1.1(c). U.S.S.G. App. C, amend. 748 (Nov. 2010).[1]

In his sentencing position, filed by then-counsel Stephen G. Frye, Petitioner acknowledged that, as a result of the FSA and the amendment to the Sentencing Guidelines, the applicable mandatory minimum sentence for his crime had dropped from 10 to 5 years and the new base offense level for 103.8 grams of crack dropped from 30 to 26. (See Def. Sentencing Br. (11/22/2010) at 2-4, 9-2) (attached as Exhibit B to the government's motion of 9/06/2012 (CV Dkt. No. 8).) Petitioner observed that he "certainly has a good faith basis for moving to withdraw his plea agreement pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) based on the FSA and revisions to the sentencing guidelines for cocaine abase." (Id. at 10.)

Nevertheless, Petitioner stated in his sentencing position brief that he "does not seek to withdraw his plea and abides by the plea agreement calculation of base offense 30 pursuant to the former U.S.S.G. § 2D1.1(c)(7)." (Id.) See also, id. at 2 (Petitioner "is entitled to the benefit of his bargain"); id. at 4 (Petitioner "will abide by his bargain and agree to be sentenced to

---

[1] Amendment 748 was subsequently made permanent by Amendment 750. U.S.S.G. App. C, amend. 750 (Nov. 2011). The changes were made retroactive by amendment 759. U.S.S.G.App. C, amend. 759 (Nov. 2011); U.S.S.G. § 1B1.10(c) (listing Part A of Amendment 750 as retroactive).

3

the 120 months as contemplated in his plea agreement"); id. at 10 (Petitioner "does not seek to withdraw his plea and abide by the plea agreement); id. at 11 (Petitioner "will abide by his bargain and agree to be sentenced to the 120 months as contemplated by his plea agreement.")

On December 13, 2010, the court accepted Petitioner's Rule 11(c)(1)(B) plea agreement and sentenced him to 120 months of imprisonment. (CR Dkt. Nos. 159, 160.)

**B.  Procedural Background**

On August 12, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (CR Dkt. No. 170.) The government moved to dismiss the motion on September 6, 2012. (CR Dkt. No. 178.) On December 12, 2012, Petitioner filed a motion asking the court to construe his initial motion as a petition for relief under 18 U.S.C. § 3582(c)(2). (CR Dkt. No. 202.) Then, for reasons that are not clear, on May 21, 2013, Petitioner asked the court to disregard the December 12, 2012 motion and revert to consideration of his initial § 2255 motion. (CR Dkt. No. 215.) The court granted this request. (CR Dkt. No. 223.)

Perhaps appreciating that his § 2255 petition was time-barred, as it was filed more than one year after he was sentenced, on March 31, 2014, Petitioner's attorney, Brian A. Newman, filed on his behalf a motion for a reduction of sentence pursuant to § 3582(c)(2). (CR Dkt. No. 234.) On April 23, 2014, Petitioner filed, pro se, an additional § 3582(c)(2) motion, which was nearly identical to that filed by counsel. (CR Dkt. No. 242.) The government moved to dismiss both motions, incorporating its

arguments against Petitioner's original Section 2255 motion and adding additional arguments. (Dkt. No. 245.)

Because the initial motion, (CR Dkt. No. 170), though labeled a motion for relief under § 2255 motion, was in substance a motion for relief under § 3582(c)(2), and because the motion would plainly be time-barred if construed as a § 2255 motion, the court will construe the motion as a request for relief under § 3582(c)(2). As each of the motions seeks the same relief, the court will consider all three of the motions as a single request for a reduced sentence under § 3582(c)(2).

**II.  Legal Framework and Analysis**

**A.  Petitioner's Requests for Appointment of Counsel and an Evidentiary Hearing**

As a preliminary matter, Petitioner has submitted two procedural motions requesting appointment of counsel and an evidentiary hearing.  (CV Dkt. Nos. 13 & 14.)  "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A. However, because the Court construes Petitioner's motions as a single motion under 18 U.S.C. § 3582(c)(2), rather than a § 2255 habeas petition, and because in any event Petitioner has been adequately represented by counsel in his second listed motion (which is substantially identical to the third motion), the Court denies the motion for appointment of counsel.  The Court likewise denies the request for an evidentiary hearing, because the issues

5

presented in the motions are exclusively questions of law, requiring no new evidence to decide.

**B.     Petitioner's Requests for a Reduced Sentence**

Generally, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, an exception exists "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added). In such cases, the court may "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

Difficult issues may arise in the context of motions for a reduction of sentence brought under § 3582(c)(2) where the petitioner and the government present the court with a binding plea agreement reached pursuant to Federal Rules of Criminal Procedure 11(c)(1) (a "(C) agreement") and the court accepts the agreement and imposes the sentence recommended by the parties.[2] "In such cases, the question arises: Was the defendant's sentence based upon a guideline range, or was his sentence based upon the terms of the 11(c)(1)(C) agreement? If the latter, then § 3582(c)(2) is inapplicable and the court lacks authority to modify the prisoner's sentence." United States v. Mason, 2012 WL 2880846, at *1 (E.D.

---

[2] Under (C) agreements, the court may only accept or reject the agreement; if it accepts the agreement, the court may only impose the sentenced the agreement calls for. Fed. R. Crim. P. 11(c)(1).

6

Wash. July 13, 2012) aff'd, 529 F. App'x 842 (9th Cir. 2013) cert. denied, 134 S. Ct. 1333 (U.S. 2014). The controlling authority for resolving the issue is Justice Sotomayor's concurring opinion in Freeman v. United States, 131 S. Ct. 2685, 2685-97 (2011) and the Ninth Circuit's interpretation of Freeman in United States v. Austin, 676 F.3d 924 (9th Cir. 2012).

As a general matter, a district court lacks jurisdiction under § 3582(c)(2) to modify a prison sentence that the court imposed after accepting a (C) agreement. Austin, 676 F.3d at 928. However, a court has authority to reduce such a sentence if either of two exceptions set forth in Justice Sotomayor's Freeman concurrence are applicable.

"The first exception is when a (C) agreement itself 'call[s] for the defendant to be sentenced within a particular Guidelines sentencing range,' which the court then accepts." Austin, 676 F.3d at 928 (quoting Freeman, 131 S. Ct. at 2697 (Sotomayor, J., concurring)). This exception is not applicable in the instant case because, as in Austin, Petitioner's "plea agreement contained a specific term and makes no mention of a particular sentencing range." Id. agreement states only: "Defendant and the USAO agree that an appropriate disposition of this case is that the Court impose a sentence of 120 months imprisonment, five years of supervised release (with conditions to be fixed by the Court) and a $100 special assessment." (CR Dkt. No. 85 at 17.)

The second exception exists where the "sentencing range is evident from the agreement itself." Austin, 676 F.3d at 928 (quoting Freeman, 131 S. Ct. at 2697-98 (Sotomayor, J.,

7

concurring)). As Justice Sotomayor explained in her <u>Freeman</u> concurrence:

> [A] plea agreement might provide for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range. Therefore, when a (C) agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)

<u>Id.</u>

In order to calculate the applicable sentencing range, it is necessary to know (1) the defendant's adjusted offense level, and (2) the defendant's criminal history category. <u>See</u> U.S.S.G. § 1B1.1. In her <u>Freeman</u> concurrence, Justice Sotomayor explained that it was evident that the plea agreement at issue employed a particular sentencing range in light of the defendant's adjusted offense level and anticipated criminal history category, both of which were stated in the plea agreement. <u>Freeman</u>, 131 S. Ct. at 2699 (Sotomayor, J., concurring). Therefore, Justice Sotomayor concluded, "Freeman's term of imprisonment is 'based on' a Guidelines sentencing range" and the court thus had authority to reduce his sentence. <u>Id.</u> at 2700.

By contrast, in <u>Austin</u>, the Ninth Circuit held that the sentencing range was not evident from the plea agreement because "the plea agreement does not contain any information about Austin's criminal history category," making a calculation of the applicable sentencing range "impossible." 676 F.3d at 929. Likewise, in <u>Mason</u>, the court held that the applicable sentencing range was not evident

from the plea agreement because, although the defendant's adjusted offense level was stated in the agreement, the agreement did not state the defendant's criminal history category. Mason, 2012 WL 2880846, at *2. Accordingly, in both cases the courts concluded that the sentence was not "based on" the applicable sentencing range but rather on the plea agreement. Id.; Austin, 676 F.3d at 930.

In the present case, like Austin and Mason, and unlike Freeman, the sentencing range is not "evident" from the agreement itself. The first piece of information necessary to calculate the sentencing range is present because the adjusted offence level is set forth in the plea agreement. (See CR Dkt. No. 85 at 7.) However, the second piece of necessary information is lacking, as the plea agreement specifically states that "[t]here is no agreement as to defendant's criminal history or criminal history category." (CR Dkt. No. 85 at 7.) As a result, the sentencing range is not evident from the plea agreement and the second exception set forth in Justice Sotomayor's Freeman concurrence is, accordingly, inapplicable.

Petitioner makes no attempt in any of his filings to argue that his agreement falls within either of the two Freeman exceptions, even though the government addressed these issues at length in opposing Petitioner's various motions. Instead, Petitioner's second and third motions are devoted almost exclusively to an inapposite argument that reduced mandatory minimum sentences set by the FSA were in force at the time Petitioner was sentenced. (See CR Dkt. Nos. 234 at 7-21 and 242 at 5-17.) This argument is unavailing because it does not matter

whether the lower mandatory minimums were in effect at the time of Petitioner's sentence if the sentence imposed was based on the (C) agreement, as everything before the court indicates was the case.

It also bears noting, although Petitioner does not raise the point, that it is irrelevant that the parties were likely aware of Petitioner's criminal history when they negotiated the plea agreement. As Justice Sotomayor observed in <u>Freeman</u>, "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon. . ." <u>Freeman</u>, 131 S. Ct. at 2697. This is because "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject." <u>Id.</u>

Nor is it relevant that this court was aware of the defendant's criminal history and may have calculated Petitioner's sentencing range when it accepted the plea agreement. "Although the agreement acknowledges the court's duty independently to consult the Sentencing Guidelines, under Justice Sotomayor's approach, it is the terms of the (C) agreement that dictate, not the judge's separate calculations." <u>Austin</u>, 676 F.3d at 924 (citing <u>Freeman</u>, 131 S.Ct. at 2696 (Sotomayor, J., concurring)).

In sum, the court concludes that, under the controlling authority of <u>Austin</u> and <u>Freeman</u>, the sentence imposed on Petitioner was "based on" the (C) plea agreement he signed and jointly with the government presented to the court for its approval, rather than on the "a sentencing range that has subsequently been lowered by

10

the Sentencing Commission**,"** § 3582(c)(2). As a result, Petitioner is not entitled to a reduction of sentence under § 3582(c)(2).

**III. Conclusion**

For the reasons stated herein, Petitioner's Motion to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255 (CV Dkt. No. 1; CR Dkt. No. 170), Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) (CR Dkt. No. 234), Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) (CR Dkt. No. 242) are DENIED.  Petitioner's Motion for Appointment of Counsel and Motion Requesting Evidentiary Hearing (CV Dkt. Nos. 13 & 14; CR Dkt. Nos. 189 & 190) are also DENIED.

IT IS SO ORDERED.

Dated: September 25, 2014

DEAN D. PREGERSON
United States District Judge